# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv69

| | | |
|---|---|---|
| CAROL G. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(c) and upon defendant's Motion to Dismiss for Lack of Jurisdiction (#5). Plaintiff has timely filed a response, and defendant has timely filed a reply. Defendant has moved to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure, arguing that this court lacks subject matter jurisdiction because plaintiff, a member of the class of litigants whose claims were remanded by this court in Hyatt v. Shalala, No. 91-2618 (4th Cir. Jan. 24, 1994), failed to exhaust her administrative remedies before filing this action seeking judicial review. Hyatt arose in the Western District of North Carolina in 1983 as a suit to require the Secretary of Health and Human Services to follow the precedent established by the Court of Appeals for the Fourth Circuit in Social Security cases, especially with respect to pain. Hyatt has been addressed six times by the Court of Appeals for the Fourth Circuit and has been remanded by the United States Supreme Court on one occasion. There are also a number of district court decisions underlying appellate review. Hyatt v. Bowen, 476 U.S.

1167 (1986); Hyatt v. Heckler, 757 F.2d 1455 (4th Cir.1985) ( Hyatt I ); Hyatt v. Heckler, 807 F.2d 376 (4th Cir.1986) ( Hyatt II ); Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990) ( Hyatt III ); and Hyatt v. Shalala, 6 F.3d 250 (4th Cir.1993) ( Hyatt IV ). Not surprisingly, the Commissioner has developed specific internal operating procedures for handling Hyatt remands. For the reasons that follow, the court finds that plaintiff has properly invoked the jurisdiction of this court.

## FINDINGS AND CONCLUSIONS

**I.     Applicable Standard**: **Rule 12(b)(1)**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**II.     Discussion**

The Commissioner has argued that plaintiff failed to first exhaust her administrative remedies by submitting a request for review to the Appeals Council of the adverse decision of the ALJ. In response, plaintiff has asserted that she is a member of the Hyatt class of

**3**

litigants and, as such, she is entitled to direct judicial review of an adverse ALJ decision in accordance with 20 C.F.R. § 404.983. The regulations provide, as follow:

> In accordance with §404.983, when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case. The Appeals Council may assume jurisdiction based on written exceptions to the decision of the administrative law judge which you file with the Appeals Council or based on its authority pursuant to paragraph (c) of this section. If the Appeals Council assumes jurisdiction of your case, any issues relating to your claim may be considered by the Appeals Council whether or not they were raised in the administrative proceedings leading to the final decision in your case or subsequently considered by the administrative law judge in the administrative proceedings following the court's remand order. The Appeals Council will either make a new, independent decision based on the entire record that will be the final decision of the Commissioner after remand or remand the case to an administrative law judge for further proceedings.

20 C.F.R. § 404.984(a). In turn, § 404.984(d) provides that where "no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand," making the ALJ's decision on a claim previously remanded the final and appealable decision of the Commissioner.

The Commissioner argues that Section 404.984 should have no application to remands that were derived from class actions, and that plaintiff should be required to first exhaust all of her administrative remedies by first making an appeal to the Appeals Council. Although the Commissioner has failed to support her argument by producing a complete administrative record, she argues that plaintiff may not have had her original claim reviewed by an ALJ or

4

the Appeals Council before remand. The Commissioner proffers three arguments in support of her position that subject-matter jurisdiction is lacking: (1) the *Hearings, Appeals and Litigation Manual* (hereinafter "HALLEX") maintained by the Commissioner arguably requires Hyatt litigants to seek review of adverse ALJ decisions before seeking judicial review; (2) logic requires administrative exhaustion in class action remands because the claimant may not have exhausted her administrative remedies before joining the class; and (3) the Commissioner sent plaintiff a notice advising her of her obligation to first seek review by the appeals council. The Commissioner's arguments will be addressed seriatim.

It is the Commissioner's position that 20 C.F.R. § 404.984 has no application to the remanded claims of successful class action participants. Commissioner's Reply, at 3. The Commissioner reasons that many members of the Hyatt class had their original claims denied at the initial or reconsideration level, and, therefore, may never have received review of their claim by an ALJ or the Appeals Council. Id. The Commissioner points out that consideration by the Appeals Council is an important step in the administrative process, id., a point in which this court fully concurs.

Through the mechanism of a class action, Social Security disability benefits claimants who have not exhausted their administrative remedies may obtain judicial review without first exhausting their administrative remedies. They do so by "piggy backing" on the exhausted claims of the class representatives. It cannot be said, however, that none of the class participants exhausted their administrative remedies. Section 404.984, which

specifically governs the procedure after remand from a federal court, does not discriminate and makes no distinction between claims remanded by a federal court in a single-claimant case and those remanded in a class action.

In arguing that remanded class-action claims should be treated differently, the Commissioner cites the court to Section I-5-4-4 of the HALLEX, which is an addendum to Social Security's internal policy that addresses Hyatt claims. In relevant part, that section provides as follows:

> **VI. Processing and Readjudication of Primary Subclass member Claims**
> **A. No Current Claim Pending**
> The DDS will readjudicate primary subclass member claims that the DDS finally determined. If the claimant is not satisfied with the DDS readjudication, he or she is entitled to request an ALJ hearing with full appeal rights.
> ALJs will readjudicate primary subclass member claims that an ALJ, the Appeals Council or a Federal court finally decided. If the claimant is not satisfied with the ALJ's decision, he or she is entitled to request Appeals Council and judicial review.
>
> * * *

HALLEX I-5-4-4, at 11. While this court gives a great deal of deference to regulations promulgated by the Commissioner, as well as her interpretation of those rules, the HALLEX is an internal policy manual, which has been found to have no force or effect of law.

The court has, however, considered the HALLEX along with the decision of the ALJ issued on remand of plaintiff's claim.[1] Reading that decision in light of the HALLEX, noticeably absent from the ALJ's decision is any reference to post-remand consideration or denial of plaintiff's claim by Disability Determination Services. See Docket Entry #6, at 7. Inasmuch as there is no reference to initial denial or denial on reconsideration, the only conclusion that can be drawn is that the ALJ followed paragraph two of Section VI(A) of the HALLEX, and that he "readjudicate[d] primary subclass member claims that an ALJ, the Appeals Council or a Federal court finally decided." HALLEX, I-4-4-4, § VI(A). Applying the Commissioner's own logic, this plaintiff's claim would have previously benefitted from administrative exhaustion at the ALJ or even the Appeals Council level.

The next question is whether the language of Section VI(A) should be read to narrow plaintiff's rights under § 404.984. The last phrase of paragraph two of Section VI(A) provides that the plaintiff "is entitled to request Appeals Council and judicial review." At most, such language can be read to advise *Social Security employees* that a Hyatt class member has two rights: (1) to request Appeals Council review; and (2) to request judicial review. To state that a claimant is <u>entitled</u> to requests administrative and judicial review of an adverse ALJ decision is not the equivalent of stating that a claimant is <u>required</u> to exhaust administrative remedies before seeking judicial review.

---

[1] The Commissioner has, quite properly, supplied the court with a copy of the ALJ's April 5, 2006, decision on remand.

7

Even if the language of the HALLEX could be read in a manner that would somehow limit a Hyatt claimant's access to judicial review, it would appear from the case law that the HALLEX, as an internal policy manual of Social Security, has no ability to impact a claimant's rights:

> The "Hearings, Appeals and Litigation Law Manual" ("Hallex") is a policy manual used by the Office of Hearings and Appeals staff. It "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims" at the Appeals Council. HALLEX, Chapt. I-1-001.

Hawker v. Barnhart, 235 F.Supp.2d 445, 451 (D.Md. 2002). The district court in Hawker went on to hold that "the HALLEX manual . . . [is] not binding on this court." Id., at 452. Indeed, as cited by Hawker, prevailing case law indicates that the HALLEX is an internal tool of the Social Security Administration and has no legal force or effect. Id., citing Newton v. Apfel, 209 F.3d 448, 459-60 (5th Cir. 2000) & Moore v. Apfel, 216 F.3d 864, 868 (9th Cir.2000). This makes perfect sense inasmuch as Social Security claimants are obligated to follow the rules properly promulgated by the Commissioner in the Code of Federal Regulation, not simply a policy manual which is not first placed in the crucible of public comment and Congressional oversight. If the Commissioner wishes to change the procedures and rules governing remand, she can do so by amending Part 20 of the Code of Federal Regulation. In any event, there are no words of limitation in the HALLEX and this court cannot fathom how the Commissioner can argue that a manual governing internal operations trumps her own promulgated regulations, which clearly gives claimants on remand the right to bypass the Appeals Council. Indeed, the regulation provides that if the claimant

does not seek review by the Appeals Council, the Appeals Council can take jurisdiction over the claim within 60 days of issuance of the ALJ's decision on remand.  It is apparent to this court that it was the Appeals Council, not this plaintiff, who dropped the ball."The Appeals Council may assume jurisdiction based on . . . its authority pursuant to paragraph (c) of this section," 20 C.F.R. § 404.984(a), and it had the authority to do so within 60 days of the adverse decision of the ALJ.  20 C.F.R. § 404.984(c).

Finally, the Commissioner has argued that plaintiff was provided with a notification along with the April 5, 2006, unfavorable decision that he was required "to request Appeals Council review if Plaintiff was dissatisfied with the hearing decision."  Commissioner's Reply, at 3.  The Commissioner has not cited the court to any authority for the proposition that a claimant must follow a notification which does not accurately state claimant's rights.  While there is no doubt that plaintiff <u>could</u> have availed herself of review by the Appeals Council, she was not required to do so as a matter of law.

## III. Conclusion

It appearing that the subject matter jurisdiction of this court was properly invoked, the Commissioner's Motion to Dismiss will be denied.

If, in fact, the Commissioner believes that review by the Appeals Council will be beneficial in resolving this case, plaintiff and the Commissioner are encouraged to discuss consensual remand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#5) is **DENIED,** and the Commissioner shall **ANSWER** the Complaint within 30 days.

Signed: August 20, 2006

Dennis L. Howell
United States Magistrate Judge